**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRIAN HARRIS**<br>**and**<br>**MICHAEL MINTER** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | **Civil Action No.** |
| )<br>**vs.** )<br>) | |
| **ALLIED INTERSTATE, INC.** )<br>)<br>**Defendant.** )<br>) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

1.      This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**II. JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.  PARTIES

4.      Plaintiff Brian Harris ("BH") is an adult individual residing at 9315 Rising Sun Avenue, Philadelphia, PA 19115.

5.      Plaintiff Michael Minter ("MM") is an adult individual residing at 170 Midland Road, Newtown, PA 18940.

6.      Defendant Allied Interstate, Inc. is a business entity engaged in the business of collecting debts in this State with its principal place of business located at 3000 Corporate Exchange Drive, Columbus, OH 43231. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV.  FACTUAL ALLEGATIONS

7.      At all times pertinent hereto, Defendant was hired by Sallie Mae to collect a debt relating to student loans that were allegedly originally owed to Sallie Mae by Plaintiff BH (hereafter the "debt").

8.      The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

9.      Notwithstanding the above, on or about May 11, 2009, Defendant contacted Plaintiff MM in an attempt to coerce Plaintiff BH's payment of the debt.  During the conversation, Defendant spoke with Plaintiff BH's wife, falsely stating that Defendant had spoken with Plaintiff BH and that he was rude and had continually cursed at Defendant.

10.      On or about May 11, 2009, at 8:30 p.m., Defendant contacted Plaintiff BH in an attempt to coerce Plaintiff BH's payment of the debt, with the intent annoy, abuse, and harass such persons contacted.  During the conversation, Defendant threatened to garnish Plaintiff BH's

wages.  Plaintiff BH requested a letter from Defendant, and Defendant disconnected the call.

11.    Notwithstanding the above, on or about May 11, 2009, at 8:40 p.m., Defendant contacted Plaintiff BH in an attempt to coerce Plaintiff BH's payment of the debt.  During the conversation, Plaintiff BH again requested a letter from Defendant, and Defendant disconnected the call.

12.    Notwithstanding the above, on or about May 11, 2009, at 8:50 p.m., Defendant contacted Plaintiff BH in an attempt to coerce Plaintiff BH's payment of the debt, with the intent annoy, abuse, and harass such persons contacted.  During the conversation, Defendant stated it had falsely contacted Plaintiff BH's in-laws that evening.

13.    Notwithstanding the above, on or about May 12, 2009, Defendant contacted Plaintiff BH in an attempt to coerce Plaintiff BH's payment of the debt, with the intent annoy, abuse, and harass such persons contacted.  In a message on Plaintiff BH's voicemail, Defendant indicated it was calling Plaintiff BH back as he had requested.  Plaintiff BH never requested Defendant to call him.

14.    Notwithstanding the above, on or about May 12, 2009, at 6:31 p.m., Defendant contacted Plaintiff MM in an attempt to coerce Plaintiff BH's payment of the debt, with the intent annoy, abuse, and harass such persons contacted.  During the conversation, Defendant stated it was looking for Denise Harris, Plaintiff BH's wife and Plaintiff MM's daughter.  When Plaintiff MM indicated she was not there, Defendant demanded her cell phone number.  Plaintiff MM indicated he would not give Defendant said information, which led to Defendant's constant harassment of Plaintiff MM until Plaintiff MM ended the phone call.

15.    Notwithstanding the above, on or about May 12, 2009, at 6:32 p.m., Defendant contacted Plaintiff MM in an attempt to coerce Plaintiff BH's payment of the debt, with the

intent annoy, abuse, and harass such persons contacted.  Defendant opened the conversation by mocking Plaintiff MM, "You are 70. Oh, no, that is you IQ."  Defendant then disconnected the call.

16.     Notwithstanding the above, on or about May 12, 2009, at 6:34 p.m., Defendant contacted Plaintiff MM in an attempt to coerce Plaintiff BH's payment of the debt, with the intent annoy, abuse, and harass such persons contacted.  Defendant again made a sarcastic statement regarding Plaintiff MM's IQ and then disconnected the call.

17.     Notwithstanding the above, on or about May 12, 2009, at 6:37 p.m., Defendant contacted Plaintiff MM in an attempt to coerce Plaintiff BH's payment of the debt, with the intent annoy, abuse, and harass such persons contacted.  Defendant opened the conversation by hiding its true identity when it identified itself as the "Bucks County Phone Police" and then disconnected the call.

18.     Notwithstanding the above, on or about May 12, 2009, at 6:38 p.m., Defendant contacted Plaintiff MM in an attempt to coerce Plaintiff BH's payment of the debt, with the intent annoy, abuse, and harass such persons contacted.  During the conversation, Defendant identified Plaintiff MM's name, date of birth, address and the first three digits of his social security number, which Plaintiff MM believed was intended to scare him.

19.     Notwithstanding the above, on or about May 12, 2009, at 6:38 p.m., Defendant contacted Plaintiff MM in an attempt to coerce Plaintiff BH's payment of the debt, with the intent annoy, abuse, and harass such persons contacted.

20.     Notwithstanding the above, on or about May 12, 2009, between 6:44 p.m. and 6:45 p.m., Defendant contacted Plaintiff MM in an attempt to coerce Plaintiff BH's payment of the debt, with the intent annoy, abuse, and harass such persons contacted, including twice more

4

within that time span, totaling nine phone calls in a fifteen minute period.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiff including, but not limited to, repeatedly and continuously contacting the above person with the intent to annoy, abuse, and harass such person contacted.

21.     The Defendant acted in a false, deceptive, misleading and unfair manner when it, without permission from the Plaintiff BH, communicated with persons other than the Plaintiff BH on multiple occasions.

22.     The Defendant acted in a false, deceptive, misleading and unfair manner when it hid its true identity by using a false name.

23.     Defendant knew or should have known that their actions violated the FDCPA, FCEUA and the UTPCPL.  Additionally, Defendant could have taken the steps necessary to bring their actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review their actions to insure compliance with said laws.

24.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

25.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

26.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages including, but not limited to, injury to Plaintiffs' reputation, physical, emotional and mental pain

and anguish, and Plaintiffs will continue to suffer same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

## V.  <u>FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA</u>

27.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

28.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

29.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30.     The above contacts between Plaintiffs and Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

31.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(10), 1692e(14) and 1692f, as evidenced by the following conduct:

    (a)   Communicating with persons other than Plaintiff BH on more than one occasion;

    (b)   Communicating, in connection with the collection of a debt, with persons other than Plaintiff BH;

    (c)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (d)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(e)   The use of any organization name other than the true name of the debt collector; and

(f)   Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

32.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

33.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a)   That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)   That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)   That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d)   That the Court grant such other and further relief as may be just and proper.

**VI.  SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL**

34.   Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

35.   Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

36.   Plaintiffs are "consumers" as defined by 73 P.S. § 2270.3 of the FCEUA.

37.     The   above   contacts   made   between   Plaintiffs   and   Defendant   were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

38.     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA.  Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

      (a)     Communicating with persons other than Plaintiff BH on more than one occasion;

      (b)     Communicating, in connection with the collection of a debt, with persons other than Plaintiff BH;

      (c)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person  in connection with the collection of a debt;

      (d)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

      (e)     The use of any organization name other than the true name of the debt collector; and

      (f)     Otherwise using false, deceptive or misleading and unfair or unconscionable   means to collect or attempt to collect a debt.

39.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

40.     As a result of the above violations of the FCEUA and UTPCPL, plaintiffs have suffered ascertainable losses entitling Plaintiffs to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a)  That judgment be entered against Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b)  That judgment be entered against Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c)  That judgment be entered against Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d)  That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g)  That the Court grant such other and further relief as may be just and proper.

## VII.     THIRD CLAIM FOR INVASION OF PRIVACY
(Plaintiff MM v. Defendant)

41.     Plaintiff MM incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.     Defendant contacting Plaintiff MM nine times in a fifteen minute time span constitutes an invasion of privacy.

43.     As a result of Defendant's above-mentioned conduct, Plaintiff MM sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff MM claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in his favor, plus lawful interest thereon.

## VIII.   JURY TRIAL DEMAND

44.     Plaintiffs demand trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**


BY:     */s/ Mark D. Mailman*_____
MARK D. MAILMAN, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs

Dated: May 29, 2009