IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN HARRIS<br>and<br>MICHAEL MINTER<br><br>            Plaintiffs,<br><br>vs.<br><br>ALLIED INTERSTATE, INC.<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 09-2453<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS BRIAN HARRIS AND MICHAEL MINTER'S MOTION TO DEEM DEFENDANT'S RESPONSES TO THE REQUESTS FOR ADMISSIONS AS ADMITTED AND TO COMPEL DEFENDANT'S ANSWERS TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Brian Harris and Michael Minter by and through their undersigned attorneys, hereby move this Honorable Court to enter the accompanying order deeming all responses to Plaintiffs' Request for Admissions as admitted without objection, and compelling Defendant to provide Plaintiffs answers to Plaintiffs' Interrogatories and Request for Production of Documents, without objections, and, in support thereof, allege the following:

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"), which was commenced by the filing of a Complaint on or about May 29, 2009, in the United States District Court For the Eastern District of Pennsylvania.

2. On June 24, 2009, Plaintiffs served the Complaint upon the Defendant.

3. On October 22, 2009, Plaintiffs forwarded a First Set of Interrogatories, Request for Production of Documents and Request for Admissions to Defendant. (A true and correct

copy of Plaintiffs' discovery requests are attached hereto as Exhibit A and are incorporated herein).

    4.    On November 16, 2009, Plaintiffs agreed to extend the time to respond to said discovery until after an agreed-upon mediation, which, at the time was proposed for on December 17, 2009. Plaintiffs' counsel also advised defense counsel that, if the mediation did not take place as proposed, any extension to respond to discovery would be a problem due to the February 3, 2010 discovery end date in this case. (A true and correct copy of Plaintiffs' counsel's e-mail dated November 16, 2009 is attached hereto as Exhibit B and is incorporated herein).

    5.    On December 4, 2009, Plaintiff's counsel learned that the mediation would not proceed as scheduled on December 17, 2009, and would be reschedule for January 4, 2010.

    6.    On December 21, 2009, when it was clear the mediation would not take place in December, Plaintiffs' counsel wrote to defense counsel requesting full and complete responses to Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for Admissions ("Responses") immediately. Plaintiff also noticed the deposition of Defendant's corporate representative to take place on January 11, 2010. (A true and correct copy of Plaintiffs' counsel's e-mail dated December 21, 2009 is attached hereto as Exhibit C and is incorporated herein).

    7.    On January 4, 2010, following a failed mediation, Plaintiffs' counsel sent an e-mail to Defendant's counsel informing him that Plaintiffs' counsel expected to receive the Responses no later than January 7, 2010. (A true and correct copy of Plaintiffs' counsel's e-mail dated January 4, 2010 is attached hereto as Exhibit D and is incorporated herein).

8. On January 8, 2010, still having not received the Responses, Plaintiffs' counsel sent an e-mail to Defendant's counsel informing them that failure to provide the Responses would force Plaintiffs to file a motion to compel due to the approaching deposition date and discovery deadline. (A true and correct copy of Plaintiffs' counsel's e-mail dated January 8, 2010 is attached hereto as Exhibit E and is incorporated herein).

9. To date, Defendant has failed to provide Plaintiffs with responses to Plaintiffs' First Set of Interrogatories, Request For Production of Documents and Request for Admissions, and has not indicated any intention to provide Plaintiffs with said responses.

10. Plaintiffs suffer hardship and prejudice as a result of Defendant's failure to provide them with pertinent and relevant discovery that they have requested.

11. Plaintiffs have attempted in good faith to resolve this discovery dispute. Plaintiffs' Rule 26.1(f) Certification of Counsel is attached.

WHEREFORE, based upon the foregoing, Plaintiffs Brian Harris and Michael Minter respectfully request that this Honorable Court enter the accompanying Order deeming all responses top Plaintiffs' Request for Admissions as admitted without objection; and compelling the Defendant to provide Plaintiffs with their Answers to Plaintiffs' Interrogatories and Request for Production of Documents, without objections, within five (5) days of the date of this Order or risk further sanctions upon application to the Court.

                              **FRANCIS & MAILMAN, P.C.**

BY:  */s/ Michael J. Szymborski*
       MICHAEL J. SZYMBORSKI
       Attorney for Plaintiffs
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

Dated: January 8, 2010